UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>KIRK BRIDGES | No. 24 CR 271<br><br>Judge Manish S. Shah |

**GOVERNMENT'S SENTENCING RESPONSE AND CLARIFICATION**

In the government's initial sentencing memorandum, it failed to address Probation's finding that defendant Kirk Bridges qualifies as a Career Offender. The government agrees that defendant qualifies as a Career Offender pursuant to § 4B1.1(a) based on his prior convictions for domestic battery and a controlled substances offense. PSR ¶¶ 40-41. As a result of his Career Offender status and his conviction in this case under 18 U.S.C. § 924(c), the government also agrees that defendant's Guidelines range rises to 262-327 months pursuant to § 4B1.1(c)(3).

While defendant's criminal history and the nature of his offense are very serious, a sentence of 262-327 months is not appropriate in this case for three reasons. First, while any gun crime is dangerous, especially one in which defendant flees police and has a high-capacity magazine, defendant's conduct in this case did not involve the use of his gun to harm or threaten anyone. Second, defendant's criminal history is extremely lengthy, and it shows a consistent inability to stop dealing drugs and using guns. It also includes two domestic battery convictions involving a domestic partner. These are serious crimes, and they warrant a serious sentence. But defendant's adult criminal history does not include convictions in which he used a

gun violently in a carjacking or armed robbery to hurt someone or threaten someone. That stands out from many Career Offenders and warrants a downward departure from the Career Offender Guidelines range. Third, and most importantly, while many gun crime defendants have had difficult lives, defendant's adolescent years were particularly traumatic. He suffered consistent physical and sexual abuse, first at home, then in a juvenile detention center. He witnessed the murder of a classmate who protected him from bullies. These events clearly scarred defendant and set him on a path of criminal behavior.

This mitigation warrants a sentence below the adjusted Guidelines range of 262-327 months. But for all the § 3553(a) reasons stated in the government's initial sentencing memorandum, a significant sentence here is still necessary. The 120-month sentence proposed by defendant is not sufficient. Defendant ran from police through a residential housing complex with a high-capacity firearm and cocaine packaged for delivery. This is extremely dangerous conduct that could have easily resulted in someone getting hurt.

Additionally, defendant's criminal history shows unabated criminal conduct involving drugs, guns, and domestic violence despite multiple prior state prison sentences. While defendant's juvenile convictions may have been partially caused by trauma he experienced at a young age, he now has been an adult for over 20 years, and he has consistently committed dangerous, serious crimes. Defendant has received longer sentences before, and they still did not deter him. He received a 7-year sentence after a 2012 arrest for being an armed habitual criminal, and within a year

after being released on parole, he committed two separate crimes involving drugs and guns. Both those crimes occurred when he was in his mid-thirties, and he still fled from police with high-capacity firearms, just like he did in this case. Defendant needs a significant prison sentence to break from his pattern of criminal behavior, to deter him from ever picking up a gun or drugs again, and to protect the community.

A sentence in the range of 190-200 months is warranted and appropriate in this case. Such a sentence reflects the serious nature of defendant's crime and his serial recidivism, while also accounting for the mitigation discussed above.

        ANDREW S. BOUTROS
        United States Attorney

By:   */s/ Elie Zenner*
       ELIE ZENNER
       Assistant U.S. Attorney
       219 South Dearborn Street, 5th Floor
       Chicago, Illinois 60604

Dated: August 7, 2025